## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOVAN CAMPBELL, on behalf of herself and
all others similarly situated persons,**

                                **Plaintiff,**                 **Case no. 1:22-cv-10107**

       **v.**

**GAMEFLY HOLDINGS, LLC,**

                                **Defendant.**

_____ x

### ~~[PROPOSED]~~ CONSENT DECREE

1.  This Consent Decree is entered into as of the Effective Date, as defined below in

Paragraph 11, by and between the following parties: Plaintiff, JOVAN CAMPBELL ("Plaintiff")

and Defendant, GAMEFLY HOLDINGS, LLC ("Defendant") (Plaintiff and Defendant shall

hereinafter be collectively referred to as, the "Parties") for the purposes and on the terms

specified herein.

### RECITALS

2.  Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 -

12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36 , prohibit discrimination on the

basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

advantages, and accommodations of any place of public accommodation by any private entity

that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. §

12182(a) ; 28 C.F.R. § 36.201(a).

3.  On November 29, 2022, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendant. The Plaintiff alleged that those U.S. portions of the website directed at consumers which can be accessed by U.S. based consumers through the use of the domain name http://www.gamefly.com (the "Website" as further defined in Paragraph 14), contains barriers that prevent full and equal use by visual impaired persons, in violation of Title III of the ADA, 42 U.S.C. §§ 12181 *et seq.* ("ADA"), the New York State Human Rights Law, Executive Law § 292 *et seq.* ("NYSHRL"), the New York State Civil Rights Law, CLS Civ R § 40 *et seq.* ("NYSCRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-102, *et seq.* ("NYCHRL").

4.  Defendant expressly denies that the Website violates any federal, state or local Law, including the ADA, the NYSHRL, the NYSCRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.  This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint and those claims or issues which arise from such allegations [ECF No. 1].

6.  This Consent Decree is entered into by the Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7.   Plaintiff alleges that Defendant is a private entity that owns and/or operates, or contracts to have operated, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that Defendant's Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7) ; 12182(a) ; 28 C.F.R. §§ 36.104 , 36.201(a) . Defendant denies that its Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA and/or NYCHRL.

8.   Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.   This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of this action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

10. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this putative class action lawsuit on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint. In resolution of this action, the Parties hereby *AGREE* and the Court expressly *APPROVES, ENTERS, AND ORDERS* the following:

### *DEFINITIONS*

11. Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12. "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13. "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and, with respect to Defendant's Website, shall mean commercially reasonable efforts so as to achieve substantial conformity with Worldwide Web Consortium's Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and/or AA Success Criteria (as defined therein).

a. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 19 through 24 of this Consent Decree.

b. Reasonable Efforts shall be interpreted so as not to require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Website could constitute an undue burden, as defined in Title III of the ADA, but as applied solely to Defendant's Website - as though it is a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Website - or the primary functions related thereto; or which could result in a loss of revenue or traffic on its Website related operations.

DocuSign Envelope ID: B2C8EB3A-237E-425C-A6D4-EF364C88F95F

c. In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to [*3] Non-Web Information and Communications Technologies ("WCAG 2.1 ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force; the British Broadcasting Corporation Mobile Accessibility Standards and Guidelines 1.0 ("BBCMASG 1.0") or any combination thereof.

d. If Defendant, in reasonable reliance upon any of the foregoing, is unable to achieve substantial conformance with the applicable guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages owned and operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and services and purchase products and services on-line for delivery to their homes or places of business in some geographic areas. "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated or controlled by Defendant but that are linked from or to Website or its mobile applications.

15. "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

### *TERM*

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (a) thirty-six (36) months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

### COMPLIANCE WITH TITLE III OF THE ADA

17. *Web Accessibility Conformance Timeline*: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website as set forth in paragraph 13 hereof and with such improvement to be completed no later than thirty-six (36) months from the Effective Date (the "Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period"). Defendant shall not be responsible for ensuring that third party content or plug-ins that are not owned by Defendant, but are otherwise located on the Website or linked to from the Website, are accessible or otherwise conform to WCAG 2.1 AA.

18. *Plaintiff's Right to Conduct Compliance Audit*: Plaintiff (through Plaintiff's counsel) shall have the right to perform, at his/her own cost, his/her own accessibility testing of the Website. Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the Modification Period to identify to Defendant in writing any ways in which he/she reasonably believes and contends that Defendant has not substantially [*4] complied with its obligations under paragraphs 13 and 17. Such written notice shall specify in detail the alleged breach and the

DocuSign Envelope ID: B2C8EB3A-237E-425C-A6D4-EF364C88F85F

reason why Plaintiff believes that Defendant has not substantially complied with its obligations under paragraphs 13 and 17. If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Website. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under paragraphs 13 and 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that the Plaintiff acknowledges and waives any and all rights that she may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

## PROCEDURES IN THE EVENT OF DISPUTES

19. The procedures set forth in Paragraphs 18 through 24 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until all such procedures have been exhausted.

20. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. All notifications

must include the above information in reasonable detail and be sent to the Party as specified in

Paragraph 25.

21. Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 20, the non-

initiating Party shall respond to the initiating Party in writing.

22. Within fourteen (14) days after the response described in Paragraph 21, the Parties shall

informally meet and confer by telephone or in person and attempt to resolve the issues raised in

the Notice.

23. If the issue remains unresolved within thirty (30) days of the meet and confer referenced

in Paragraph 22, the Parties will each have an additional thirty (30) days to select an expert and

the two experts will mutually select an independent accessibility consultant with substantial

experience in accessible website design who will evaluate the particular item(s) raised based on

whether a person who has a visual impairment can adequately utilize the Website.

There will be no breach of this Consent Decree unless (a) the independent accessibility

consultant determines that a particular item(s) cannot be accomplished by a person with a visual

impairment utilizing one of the following browsers (in versions of which that are currently

supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant

fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less

than ninety (90) days of receiving the accessibility consultant's opinion. If the accessibility

consultant believes that a reasonable time using Reasonable Efforts to remedy the items found

not to be usable is longer than ninety (90) days, then the Parties may agree on a longer time

period without leave of Court so long as the extension is documented in writing and executed by

the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that

a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant

shall not be obligated to remedy that item.

24. Any of the time periods set forth in Paragraphs 21 through 23 may be extended by mutual

agreement of the Parties.

25. Any notice or communication required or permitted to be given to the Parties hereunder

shall be given in writing by e-mail and by overnight express mail or United States first class

mail, addressed as follows:

**If to Plaintiff:**
Mars Khaimov, Esquire
Mars Khaimov, LLC
108-26 64th Avenue, 2nd Floor
Forest Hills, NY 11375
Tel: (929) 324-0717
Fax: (929)333-7774
e-mail: mars@khaimovlaw.com

**If to Defendant:**
Steven W. Teppler, Esquire
MANDELBAUM BARRETT, PC
3 Becker Farm Rd, Suite 105
Roseland, NJ 07068
Tel: 646.946.5659
Fax: 973.325.7467
E-mail: steppler@mblawfirm.com

## MODIFICATION

26. No modification of this Consent Decree shall be effective unless in writing and signed by

authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

27. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

28. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible, and to the fullest extent permitted by applicable law, its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

29. This Consent Decree contains the entire agreement between the Plaintiff and the Defendant concerning the subject matter described and addressed herein, other than the terms of a settlement agreement by and between the parties that is not incorporated herein by reference, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree shall be enforceable.

**PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES**

30. This Consent Decree shall be binding on the Parties and their successors and assigns. In the event that the Defendant seeks to transfer or assign all or part of its interest [*6] in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for the obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

31. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any persons with visual impairment who seek to access the Website,

which persons shall constitute third-party beneficiaries to this Consent Decree. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein.

32. The Plaintiff and the Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, the Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

33. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

### CONSENT DECREE HAS BEEN READ

34. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each Party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: January 24,  2023

*JOVAN CAMPBELL*
/s/ Jovan Campbell
Jovan Campbell, individually
Dated: January __, 2023

**Gamefly Holdings, LLC**

By:/s/
Name:
Title: President

**APPROVED AS TO FORM AND CONTENT**

Dated: January 24, 2023

_____

Mars Khaimov, Esquire
Mars Khaimov, LLC
108-26 64th Avenue, 2nd Floor
Forest Hills, NY 11375
Tel: (929) 324-0717
Fax: (929)333-7774
e-mail: mars@khaimovlaw.com
Attorneys for Plaintiff


Dated: January 24, 2023

/s/ Steven W. Teppler
Steven W. Teppler, Esquire
MANDELBAUM BARRETT, PC
3 Becker Farm Rd, Suite 105
Roseland, NJ 07068
Tel: 646.946.5659
Fax: 973.325.7467
E-mail: steppler@mblawfirm.com
Attorneys for Defendant

**COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE**

*THE COURT, HAVING CONSIDERED* the pleadings, law, underlying facts and having

reviewed this proposed Consent Decree, *FINDS AS FOLLOWS:*

DocuSign Envelope ID: B2C8EB3A-237E-425C-A6B4-EE2E4C99FBEF

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331 ;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

6) The Court shall retain jurisdiction over this action to enforce this Consent Decree.

*NOW THEREFORE*, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

*DONE AND ORDERED*.

February 13, 2023

_____
Jesse M. Furman
United States District Judge

**DocuSign**

## Certificate Of Completion

| | | |
|---|---|---|
| Envelope Id: B2C8EB3A237E425CA6D4EE354C98FBEF | | Status: Completed |
| Subject: Complete with DocuSign: Proposed Consent Order 2023-02-10[37].pdf | | |
| Source Envelope: | | |
| Document Pages: 13 | Signatures: 1 | Envelope Originator: |
| Certificate Pages: 4 | Initials: 0 | Teppler Steven |
| AutoNav: Enabled | | 3 Becker Farm Road |
| EnvelopeId Stamping: Enabled | | Roseland, NJ  07068 |
| Time Zone: (UTC-05:00) Eastern Time (US & Canada) | | steppler@mblawfirm.com |
| | | IP Address: 174.206.234.105 |

## Record Tracking

| | | |
|---|---|---|
| Status: Original | Holder: Teppler Steven | Location: DocuSign |
| 2/10/2023 3:43:35 PM | steppler@mblawfirm.com | |

| Signer Events | Signature | Timestamp |
|---|---|---|
| Tim Hinsley | *[DocuSigned signature: Tim Hinsley]*<br>8E357A990C92434... | Sent: 2/10/2023 3:52:03 PM |
| Tim.Hinsley@aent.com | | Viewed: 2/10/2023 4:35:53 PM |
| Security Level: Email, Account Authentication (None) | | Signed: 2/10/2023 4:44:16 PM |
| | Signature Adoption: Pre-selected Style | |
| | Using IP Address: 70.165.48.55 | |

Electronic Record and Signature Disclosure:
  Accepted: 2/10/2023 4:35:53 PM
  ID: 02bc22aa-40a8-4448-9a78-19c4b3f7ccb7
  Company Name: Mandelbaum Salsburg PC

| In Person Signer Events | Signature | Timestamp |
|---|---|---|

| Editor Delivery Events | Status | Timestamp |
|---|---|---|

| Agent Delivery Events | Status | Timestamp |
|---|---|---|

| Intermediary Delivery Events | Status | Timestamp |
|---|---|---|

| Certified Delivery Events | Status | Timestamp |
|---|---|---|

| Carbon Copy Events | Status | Timestamp |
|---|---|---|

| Witness Events | Signature | Timestamp |
|---|---|---|

| Notary Events | Signature | Timestamp |
|---|---|---|

| Envelope Summary Events | Status | Timestamps |
|---|---|---|
| Envelope Sent | Hashed/Encrypted | 2/10/2023 3:52:03 PM |
| Certified Delivered | Security Checked | 2/10/2023 4:35:53 PM |
| Signing Complete | Security Checked | 2/10/2023 4:44:16 PM |
| Completed | Security Checked | 2/10/2023 4:44:16 PM |

| Payment Events | Status | Timestamps |
|---|---|---|

**Electronic Record and Signature Disclosure**

**ELECTRONIC RECORD AND SIGNATURE DISCLOSURE**

From time to time, Mandelbaum Salsburg PC (we, us or Company) may be required by law to provide to you certain written notices or disclosures. Described below are the terms and conditions for providing to you such notices and disclosures electronically through the DocuSign system. Please read the information below carefully and thoroughly, and if you can access this information electronically to your satisfaction and agree to this Electronic Record and Signature Disclosure (ERSD), please confirm your agreement by selecting the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

**Getting paper copies**

At any time, you may request from us a paper copy of any record provided or made available electronically to you by us. You will have the ability to download and print documents we send to you through the DocuSign system during and immediately after the signing session and, if you elect to create a DocuSign account, you may access the documents for a limited period of time (usually 30 days) after such documents are first sent to you. After such time, if you wish for us to send you paper copies of any such documents from our office to you, you will be charged a $0.00 per-page fee. You may request delivery of such paper copies from us by following the procedure described below.

**Withdrawing your consent**

If you decide to receive notices and disclosures from us electronically, you may at any time change your mind and tell us that thereafter you want to receive required notices and disclosures only in paper format. How you must inform us of your decision to receive future notices and disclosure in paper format and withdraw your consent to receive notices and disclosures electronically is described below.

**Consequences of changing your mind**

If you elect to receive required notices and disclosures only in paper format, it will slow the speed at which we can complete certain steps in transactions with you and delivering services to you because we will need first to send the required notices or disclosures to you in paper format, and then wait until we receive back from you your acknowledgment of your receipt of such paper notices or disclosures. Further, you will no longer be able to use the DocuSign system to receive required notices and consents electronically from us or to sign electronically documents from us.

**All notices and disclosures will be sent to you electronically**

Unless you tell us otherwise in accordance with the procedures described herein, we will provide electronically to you through the DocuSign system all required notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you during the course of our relationship with you. To reduce the chance of you inadvertently not receiving any notice or disclosure, we prefer to provide all of the required notices and disclosures to you by the same method and to the same address that you have given us. Thus, you can receive all the disclosures and notices electronically or in paper format through the paper mail delivery system. If you do not agree with this process, please let us know as described below. Please also see the paragraph immediately above that describes the consequences of your electing not to receive delivery of the notices and disclosures electronically from us.

**How to contact Mandelbaum Salsburg PC:**

You may contact us to let us know of your changes as to how we may contact you electronically, to request paper copies of certain information from us, and to withdraw your prior consent to receive notices and disclosures electronically as follows:
To contact us by phone call: 973-736-4600
To contact us by email send messages to: lca@lawfirm.ms
To contact us by paper mail, please send correspondence to:
Mandelbaum Barrett PC
3 Becker Farm Road
Roseland, NJ 07068

**To advise Mandelbaum Salsburg PC of your new email address**

To let us know of a change in your email address where we should send notices and disclosures electronically to you, you must send an email message to us at CBurstein@lawfirm.ms and in the body of such request you must state: your previous email address, your new email address.  We do not require any other information from you to change your email address.

If you created a DocuSign account, you may update it with your new email address through your account preferences.

**To request paper copies from Mandelbaum Salsburg PC**

To request delivery from us of paper copies of the notices and disclosures previously provided by us to you electronically, you must send us an email to lca@mblawfirm.com and in the body of such request you must state your email address, full name, mailing address, and telephone number.

**To withdraw your consent with Mandelbaum Salsburg PC**

To inform us that you no longer wish to receive future notices and disclosures in electronic format you may:

i. decline to sign a document from within your signing session, and on the subsequent page, select the check-box indicating you wish to withdraw your consent, or you may;

ii. send us an email to lca@lawfirm.ms and in the body of such request you must state your email, full name, mailing address, and telephone number. We do not need any other information from you to withdraw consent..  The consequences of your withdrawing consent for online documents will be that transactions may take a longer time to process..

**Required hardware and software**

The minimum system requirements for using the DocuSign system may change over time. The current system requirements are found here: https://support.docusign.com/guides/signer-guide-signing-system-requirements.

**Acknowledging your access and consent to receive and sign documents electronically**

To confirm to us that you can access this information electronically, which will be similar to other electronic notices and disclosures that we will provide to you, please confirm that you have read this ERSD, and (i) that you are able to print on paper or electronically save this ERSD for your future reference and access; or (ii) that you are able to email this ERSD to an email address where you will be able to print on paper or save it for your future reference and access. Further, if you consent to receiving notices and disclosures exclusively in electronic format as described herein, then select the check-box next to 'I agree to use electronic records and signatures' before clicking 'CONTINUE' within the DocuSign system.

By selecting the check-box next to 'I agree to use electronic records and signatures', you confirm that:

- You can access and read this Electronic Record and Signature Disclosure; and
- You can print on paper this Electronic Record and Signature Disclosure, or save or send this Electronic Record and Disclosure to a location where you can print it, for future reference and access; and
- Until or unless you notify Mandelbaum Salsburg PC as described above, you consent to receive exclusively through electronic means all notices, disclosures, authorizations, acknowledgements, and other documents that are required to be provided or made available to you by Mandelbaum Salsburg PC during the course of your relationship with Mandelbaum Salsburg PC.